NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY COLEMAN, | No. 18-16915 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01339-RFB-GWF |
| v. | |
| THE BANK OF NEW YORK MELLON, FKA Bank of New York, as Trustee for American Home Mortgage Investment Trust 2004-4 Mortgaged Backed Notes, Series 2004-4; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted March 3, 2020[**]

Before:      MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Anthony Coleman appeals pro se from the district court's summary

judgment in his action alleging federal and state law claims arising out of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on Coleman's state law claims because Coleman failed to raise a genuine dispute of material fact as to whether he has standing to challenge the assignments of the deed of trust or whether MERS's involvement rendered the assignments improper. *See Wood v. Germann*, 331 P.3d 859, 862 (Nev. 2014) (under Nevada law, because "the homeowner is neither a party to nor an intended beneficiary of the [Pooling and Servicing Agreement], the homeowner lacks standing to contest the assignment's validity"); *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 260-61 (Nev. 2012) (explaining that MERS's assignment of the deed of trust along with the promissory note demonstrates valid transfer of both instruments).

Coleman abandoned his claims under the Truth In Lending Act and the Fair Debt Collection Practices Act by failing to provide any argument regarding these claims in his opposition to defendants' motion for summary judgment. *See Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (claims not raised in opposition to summary judgment are deemed abandoned).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

18-16915

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Coleman's motion to withdraw the motion to dismiss (Docket Entry No. 22) is granted. Accordingly, Coleman's request for voluntary dismissal of the appeal (Docket Entry No. 20) is denied as moot.

**AFFIRMED.**